

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH WATSON | CIVIL ACTION NO. 02-2529-A |
| -vs- | JUDGE DRELL |
| DELMAR MAXWELL, et al | MAGISTRATE JUDGE KIRK |

### RULING

This case came on for trial on the merits regarding two remaining claims on September 21, 2007. Essentially, according to the testimony of record, Plaintiff Watson asserts that defendant Roberts used excessive force on him in violation of the Eighth Amendment to the U.S. Constitution when Roberts sprayed him twice with short bursts of a chemical agent during a confrontation at the Winn Correctional Center on November 25, 2001 while defendant Arthur Lee looked on and failed to intervene. Likewise, Watson claims a failure to provide him with proper medical care following the chemical spraying incident.

We have considered the matter carefully and find that, although an unfortunate situation, these incidents did not rise to the level of constitutional infringements, warranting dismissal of these remaining claims against Roberts and "Nurse" Evans.

This suit forces the classic confrontation between the plight of an inmate in any penal institution and the need and requirement for tight management of the prison. Under the circumstances here we cannot say that the use of chemical spray was

improper. Watson firmly refused to obey an order to remove his regular clothing in favor of a paper gown during suicide watch. Significantly, the suicide watch was initiated by Watson's own comment that he felt somewhat suicidal. Such a comment immediately triggers otherwise unnecessary procedures to ensure the safety of the inmate. One of the immediate effects is the removal of clothing, ostensibly because portions of clothing can be used if one is intent on a suicide attempt. Watson's explanation that Roberts did not explain why clothing removal was necessary is contradicted by Roberts but is, in any event, of no moment here.

Likewise, that Roberts' use of chemical spray was intentional is not the standard for recovery in a case like this. Rather, Roberts must be shown to have "inflicted unnecessary and wanton pain and suffering . . . maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Here, Roberts sprayed the chemical agent only when Watson refused to comply with a direct order and only in order to gain compliance with that order. We therefore find that Roberts' actions were necessary under the circumstances and were neither malicious nor sadistic. Thus, Watson's excessive force claim against defendant Roberts is without merit.

Second, regarding the claim against Nurse Evans, we find no constitutional violation either. Within a reasonable time, Watson was allowed to remove any residual chemical by showering. Roberts further provided him with eye drops to assist with any remaining eye irritation. Watson's continuing complaints were de minimis (some facial stinging and some skin flaking from his face for a short time). Watson's shower was

2

allowed within about a half hour, as it took this long to resolve the situation. Much longer delays have been determined not to create an actionable constitutional offense. See, e.g., Baldwin v. Stalder, 137 F.3d 836 (5th Cir. 1998) (no constitutional violation found where prisoners on a bus were forced to wait three hours before showering after being sprayed with mace). Likewise, in cases of inadequate medical care, the action or inaction of medical personnel must rise to the level of deliberate indifference to be actionable. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999). We find no such deliberate indifference here, under these facts. Thus, Watson's inadequate medical treatment is also without merit.

Finally, because we find that none of the asserted actions were unconstitutional, the claims against defendant Lee for failure to intervene are without merit.

For the foregoing reasons, all remaining claims will be DISMISSED with prejudice.

SIGNED on this 21st day of September, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE